III. GARDNER'S MOTION TO EXCLUDE EXPERT TESTIMONY
Gardner moves to exclude the defendants' joint expert, Dr. Moulton, under *1324 Rule 702 of the Federal Rules of Civil Procedure. Specifically, Gardner asserts that Dr. Moulton's opinions are not "the product of reliable principles and methods" because he did not examine Gardner before expressing opinions about his emotional distress, because his opinion that Gardner is malingering is improper, and because he expressed opinions about sleep apnea that are outside the scope of his expertise. See FED. R. EVID. 702(c).
Because the court grants summary judgment on all of Gardner's claims against Delta, the remaining claims against the United States will be tried before the court in a bench trial. See 28 U.S.C. § 2402. "[T]he usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise when a district court is conducting a bench trial." Attorney Gen. of Okla. v. Tyson Foods, Inc. , 565 F.3d 769, 779 (10th Cir. 2009). Therefore, "a judge conducting a bench trial maintains greater leeway in admitting questionable evidence, weighing its persuasive value upon presentation." Id. at 780.
In this case, the court determines that the best course of action is to allow Dr. Moulton to give testimony at the bench trial. This will allow the court to better assess whether Dr. Moulton's opinions meet the Rule 702 standard. The court, therefore, denies Gardner's motion to exclude Dr. Moulton's testimony at this time. Gardner can reraise this issue at trial or move to strike his testimony after Dr. Moulton testifies.
CONCLUSION
The court orders as follows:
(1) The court GRANTS Delta's motion for summary judgment. [Document 116].
(2) The court GRANTS IN PART AND DENIES IN PART the United States' motion for summary judgment. [Docket 119]. The court grants summary judgment on Gardner's negligence and respondeat superior claims. The court also grants summary judgment on the negligent infliction of emotional distress claim to the extent that it is based upon negligent training or supervision. The court denies summary judgment as to the remainder of Gardner's claims against the United States.
(3) The court DENIES without prejudice Gardner's motion to exclude expert testimony at this time. [Docket 120]. Gardner may raise his objection at trial or reassert this motion after the expert testifies.
The issues that remain for trial are Gardner's claims against the United States for (1) negligent infliction of emotional distress based upon the negligence of FAM1 (2) intentional infliction of emotional distress, (3) false imprisonment, and (4) assault.